IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IRA HAROLD WEXLER,

    Plaintiff,

v.                                        Case No. 1:16-cv-384-WTH-GRJ

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 9, Plaintiff's amended complaint under 42 U.S.C. § 1983. Plaintiff, a *pro se* non-prisoner litigant, initiated this case in the United States District Court for the Southern District of New York ("SDNY") on November 18, 2016. The SDNY granted Plaintiff permission to proceed as a pauper and then transferred the case to the Northern District of Florida because Plaintiff's claims arose in Gainesville, Florida. (ECF No. 4.)

Pursuant to the Court's screening obligations under 28 U.S.C. § 1915(e), the Court directed Plaintiff to file an amended complaint. (ECF No. 8.) Specifically, Plaintiff asserted conclusory claims alleging that Defendants violated his civil rights under 42 U.S.C. §§ 2000(a)–(e),

1983–86, and his constitutional rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments. He failed, however, to suggest how his allegations related to these statutes and amendments. In addition, although Plaintiff named ten Defendants, he failed to identify how each Defendant is linked to the allegations. Plaintiff was warned that he may not refer back to any prior versions of his complaint or incorporate any portions of a prior complaint by reference in the amended complaint. He was further warned that failure to comply with the Court's order, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and for failure to state a claim. (*Id.*)

In his amended complaint Plaintiff alleges that Defendants violated his rights under the First, Fourth, Eight, and Fourteenth Amendments, 42 U.S.C. §§ 183–86, 2000(a)–(f), 28 U.S.C. § 28, New York Human Rights Laws, and the United Nations Human Rights Charter. (ECF No. 9.) As Defendants, Plaintiff names: (1) Rachel Roy, Public Defender; (2) Pamela Knopf, Court-Appointed Counsel; (3) Judge Michael Traynor; (4) Craig Corona, CEO Lukas Lighting; (5) Sophia Corona; (6) Chris Gordon, Social Services; (7) Sadie Darnell, Sheriff; and (8) Bernadatte Kingham.

Plaintiff says that on March 14, 2014, he was falsely accused of

criminal conduct, beaten, restrained, forced to take Zyprexa, and falsely accused of mental deficiency. Plaintiff alleges that he was then told by staff that the state made a mistake, charges were then dropped, and Plaintiff was released. Nonetheless, Plaintiff alleges he suffered injuries to his stomach, head, liver, spleen, lower pelvis, knees, back, and right foot. He seeks compensatory damages as relief.

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)

(*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937). The screening process under § 1915A also applies to non-prisoner *pro se* litigants who are proceeding in forma pauperis. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).

Plaintiff's amended complaint suffers from the same deficiencies as his original complaint. Despite the Court's directive to file an amended complaint addressing these deficiencies, Plaintiff has filed essentially the same complaint consisting largely of nonsensical and indecipherable assertions.

Even assuming Plaintiff's complaint is liberally construed as asserting a Fourth Amendment false arrest claim and a Fourteenth Amendment due process claim for mistreatment as an arrestee or pretrial detainee,[1] Plaintiff has wholly failed to even suggest how each or any Defendants are linked to these claims, despite the Court's prior instruction to do so. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

---

[1] Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment Cruel and Unusual Punishment Clause. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to amend his complaint and despite a clear warning that failure to follow the Court's order will result in a recommendation that the case be dismissed, Plaintiff has failed to comply.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a court order and for failure to prosecute.

**IN CHAMBERS**, this 21st day of February, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be**

**filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**